Case number 20-1162, United States of America v. Demario Simpson. Arguments not to exceed 15 minutes per side. Mr. Graham, you may proceed for the appellant. Thank you. May it please the court, my name is Scott Graham on behalf of Demario Simpson. With the court's permission, I'd like to reserve three minutes for rebuttal. Mr. Simpson was charged with two offenses, a drug charge and a weapons charge. He was guilty of the drug charge and attempted to plead that way. The district court refused to allow him to plead, forced him to trial on both charges. Our position is that he had a right to plead guilty to the drug case and that when the I've got two basic categories of arguments here. I'll try to be as straightforward as I can. One is a category based upon a simple application of the rules. If one looks at the federal rules of criminal procedure 10 and 11, it's difficult to understand how a defendant can be prevented from pleading guilty to a charge. Mr. Simpson, like many others, stood before a federal magistrate judge and was arraigned originally. The magistrate judge told Mr. Simpson that he had a right to plead one of three ways, guilty, not guilty, or with the permission of the district court, no contest. Mr. Simpson ultimately did not have the right to plead not guilty. He was deprived of that right. When you combine that and rule 10, the requirements of rule 10 with rule 11, Mr. Simpson stood ready, willing, and able to provide a factual basis for the drug plea. When you combine those... Mr. Simpson, though, sought to plead not guilty in part, didn't he? Because he only wanted to plead guilty to one count in order to basically shape the evidence that would come in and keep some things from the juries. Isn't that correct? That's correct, Your Honor. That's correct. Is it the judge's discretion, within the judge's discretion, to decide whether a person pleads... Well, the judge's discretion to make that decision if, of course, the government and the defendant don't come to some agreement beforehand? Your Honor, it's our position that the judge had no discretion in this particular matter because this was not anything related to a plea agreement. Two separate charges. They happened to be combined, as they always are or often are. There were two separate charges. Each needed to be treated separately, and he had a right to plead guilty or not guilty as to each as if they were separate cases. But they were both in the same indictment. They were. They were, Your Honor. They were. And I would go back to this point. Let's assume that when Mr. Simpson originally appeared before the magistrate judge, he had indicated he wanted to plead guilty to the drug charge then. Well, of course, he would have been able to. And we would have moved forward on the gun charge. He would have had to live with the ramifications of the plea to the drug case, just like he would have if that plea had been accepted here. So my position is that in regard to the application of Rules 10 and 11, he had an absolute right to plead guilty to that charge. The second, if you will, basket of my points relates to the prejudice. Before you leave that, what were the consequences? What would the consequences have been to him pleading guilty to that charge? And in other words, what evidence would not have come in that came in without the guilty plea? I guess it goes to the question of how was he prejudiced? Yes, Your Honor. Well, I would begin by trying to answer that by saying I'm not absolutely certain what would have been admitted or not because I never had a chance to try to make to limit evidence. I can tell you, Your Honor, what I think the limitations should have been. For example, if Mr. Simpson had pled guilty to the drug charge, I don't know that there would have been, I don't think it would have been properly admitted when the government offered a very lengthy videotape that was frankly very unflattering and related only to drugs. It's worth showing where the evidence was seized from Mr. Simpson. There were a number of text messages introduced, not relevant to the gun at all, that painted a picture of Mr. Simpson overall being, I think, more of a larger scale drug dealer. There was, frankly, a, when the government was allowed to prove up its drug case in its entirety, it introduced evidence, including evidence of the expert that related to, that testified about drug, if you will, activity, terminology, et cetera. Much of what he talked about related to drug dealers that wasn't in dispute. So what we had was a picture of Mr. Simpson being painted in a way that he sought to avoid by pleading guilty to that count. So try to answer your question as directly as I can, Judge Clay. It would be text messages, it would be videotape, it would be expert witness testimony in regard to what the government used against Mr. Simpson that we think would have been inadmissible. But again, we never had the chance to make those motions. We never had the chance to fight those fights because the court did not allow us to enter that plea. So we think the trial would have looked much different and would have been much fairer on the gun count if he had been allowed to proceed that way. Well, he was trying to plead guilty on possession with intent to distribute controlled substances, correct? That's correct, Your Honor. If he had been permitted to plead guilty to that, there still would have been the charge of possession of a firearm and furtherance of drug trafficking, and the government would have had the opportunity to prove drug trafficking, which arguably might encompass the evidence in connection with the charge upon which he was attempting to plead guilty, which is to say possession with intent to distribute controlled substances. In other words, since elements of drug offenses would still be there, why wouldn't all of the same evidence have come in anyway? Your Honor, once Mr. Simpson pled guilty and his plea was accepted, he admitted he was guilty of the drug trafficking offense, then the question becomes, well, under the rules, is it appropriate for the government to go back and still prove its entire case in that regard? And again, I don't know what rulings the judge would have made if I'd been able to challenge those things. So my position is, I want to be as candid as I can with the court, my position would be that if Mr. Simpson pled guilty and if the government came back and said, well, we don't my position would be, well, much of this is inadmissible under rules 401, 402, 403, not relevant, overly prejudicial, and there would simply be no point in doing that. Again, I didn't have a chance to get rulings on that and go forward on that. So we think that it should have been limited more, but again, it never got evaluated. I was going to make one other quick point, if I could, regarding what happened below. When we were arguing this point before the district court, when the court ruled against the request to offer the plea, the court based its ruling in part upon the fact that there could be harm to Mr. Simpson by offering a plea, statements could be used against him, et cetera. Essentially, essentially the court took away the tactical approach or the tactical decision that Mr. Simpson was entitled to make. And I think the best indicator of that is the comment made by the government at the time of that motion. When the government at that time indicated that their research found support for Mr. Simpson's position in the 7th and 10th circuits, they of course indicated they didn't have a position here, but they said they did not want to get involved in the defense strategy necessarily. Counsel, and I don't know the answer to this, the judge wouldn't let you plead guilty, but could you in an opening statement concede that you are guilty or your client is guilty of a certain case in order to keep other cases? No, your honor. I in fact did. I tried the case and I did make that concession in opening statement. It didn't limit evidence at all though. It did not limit the evidence at all. Why not? Well, I guess I'm assuming because even though I made that statement, that concession in opening statement, I guess because of the way the district court ruled, the government was still held to its burden to prove those things that it wouldn't have had to prove if he pled guilty. So me making the statement that he concedes guilt on the drug case still left the government with the need to prove that and the court allowed them to prove that as opposed to a guilty plea, which would have ended that. Why would it end it any more than conceding it? Well, because there was no adjudication of guilt based on my concession and that's why the government still had a burden to prove him guilty. But I believe that I did exactly what you suggest said in opening and in closing. He's guilty of that charge, but it didn't stop any of the evidence. So your honors, I see that my time is wrapping up here. I've made the points that I had hoped to make and I appreciate that. So with that, I would request the court to reverse the gun conviction and remand the case for a new trial on. Thank you very much. Thank you. We'll hear from the government. May it please the court. My name is Erin Lane and I represent the United States in this case. Like my colleague, Mr. Graham, I was also trial counsel on this particular case. Your honors, the district court here did not abuse its discretion when it decided to reject the partial guilty plea offered by the defendant at the final pretrial conference, nor did the district court abuse its discretion when it decided to admit the testimony of a drug trafficking expert. Moreover, the defendant here has not met his burden to overturn the factual findings of the jury, which found this defendant guilty of actually three charges, being a felon in possession of a firearm, possession with intent to distribute heroin, and possession of a firearm in furtherance of drug trafficking, contrary to 924C. And finally, the below guideline sentence that the defendant received here is reasonable. Because my colleague focused the majority of his oral argument on the partial plea issue, that's where I will also begin. As this court is well aware, there is no constitutional right to enter a guilty plea or to a guilty plea. However, as this court has dictated in the Moore case, there are certain parameters that the district court must follow. Specifically, the district court must exercise sound judicial discretion in its decision as to whether to accept or reject a guilty plea. Here, the district court, Chief Judge Yonker, articulated sound rational reasons for not accepting Mr. Simpson, the defendant's plea to the drug charge. First, the district court was concerned that statements the defendant would make during a plea colloquy would be used and admissible at trial on the remaining firearm counts. And this concern was especially acute as it related to the outstanding 924C, possession of a firearm in furtherance of drug trafficking count. And this is because the facts of this particular case are condensed into one incident. This is not a scenario where, for example, there was a long-term drug investigation with multiple controlled buys, and maybe there's search warrant executed on the defendant's house where law enforcement sees firearms. In this case, on one evening, at the same time, in the same location, during the same arrest, the same law enforcement officers recording on their body cam arrested the defendant here with a possession, a distribution amount of drugs on his person, and a firearm that was found in close proximity to where the defendant fell in his attempt to flee from law enforcement. The district court considered, again, in its rational or reasoning as to whether to accept the plea or not, whether the scope of the evidence would change at all if a partial plea was accepted. And recognizing the natural case should move forward to trial. And I think it's also important that in the district court's order denying the defendant's request for a new trial and renewed motion for acquittal, that's ECF 107, the district court, after having the benefit of presiding over the trial, said there is no way the evidence in this case would have been any different. And at the final pretrial conference, the defense conceded that if the scope of the evidence would not have changed, there would be no prejudice. I think it's also important to recognize, as the defense noted, the government did have some concerns about the district court's rejection of the defendant's partial plea, which we expressed at the final pretrial conference. Having said that, though, there is no constitutional right to a plea. And as I just discussed, looking at the record at a whole, the district court here did not commit reversible error because he articulated sound reasons for rejection. However, even if this court were to decide that the district court erred in not accepting the plea, any error here was harmless because it did not affect the substantial rights of the defendant. Specifically, even if the defendant had only gone to trial on the firearm counts, so if the partial plea had been accepted, he would not have received a different sentence. As this court read in our briefs, the felon in possession of a firearm count was grouped with the drug trafficking count, and the firearm felon in possession count controlled that group's scoring for purposes of guideline calculations. Therefore, even if the plea had been accepted, the impact of that plea would not have affected the defendant's guidelines. This is something that the defense conceded at the sentencing hearing once the scoring came out and the numbers were properly calculated. Secondly, as I touched on, which was the district court's analysis as to whether to accept this plea or not, there was no harm in accepting the plea because even if the plea had been accepted, the scope of the evidence would have remained the same. Here, the government still needed to prove that the defendant was a felon in possession of a firearm, assuming that the guilty plea, the partial plea to the drug trafficking count, would have been accepted. An element of the 924C count is the possession with intent to distribute charged in the drug trafficking count, here numbered as count 2. So specifically, the government would still have introduced evidence of the drugs being on the defendant's person, the quantity of those drugs, the value of those drugs, that all would have been relevant information for the jury's analysis of the proximity of the firearm that the defendant possessed to the drugs that he possessed. The value of those drugs would have been important for and relevant to the jury to consider whether the defendant possessed his gun to protect himself and his valuable street product. The body camera footage also would have been admitted that showed the defendant removing the drugs from his person, as well as the defendant trying to flee from police and falling to the ground before he was able to make it very far. I think actually the evidentiary realization that the scope would not have changed underscores the district court's concern that it articulated in finally deciding not to accept the plea. The facts of this case and the evidence of this case are condensed because they arise from the same arrest incident. Unless the court has questions, I will turn specifically to the testimony of Special Agent Pond, the drug trafficking expert. Turning to the issue of the discretion in admitting this testimony, the hallmark of expert testimony is specialized knowledge. That knowledge can be derived from a variety of ways, including education, skills, experience, and training. This court has routinely applied that standard to law enforcement officers who testify as drug trafficking experts in cases similar to this one. Here, the Special Agent who testified as a drug trafficking expert was not a fact witness, so he only testified as an opinion witness. At the outset of his testimony, the district court gave the jury a cautionary instruction indicating that the testimony of this particular witness was opinion testimony and they could accept all, none, or some of his testimony. That during jury instructions. Again, the district court here found that the government laid a proper foundation and that this individual, Special Agent Pond, was qualified to act and testify as an opinion witness in the field of drug trafficking. Special Agent Pond had over 14 years experience with the Drug Enforcement Agency, five years of local law enforcement experience. He testified that he'd been involved in hundreds of drug investigations, including domestic drug dealers, and the agent testified to information about, as I talked about in the plea analysis issue, the quantity of heroin that the defendant had here, over eight grams, how much that would be worth in western Michigan at the time the Special Agent was assigned to the He testified that heroin is a highly addictive substance and he talked about the street term dope sick and how that means, it talks about when customers, opioid addicts, are craving heroin and the instability that that can cause between a drug dealer and their customer base. And he explained about tools of the drug trafficking trade, including how drug dealers communicate with their customers using cell phones, and they often carry multiple cell phones, as well as, in his experience, why drug traffickers carry firearms for their own protection as well as intimidation. This is the type of information testimony, opinion testimony, that this court has routinely held is not within the ken of an average lay person juror and would be helpful to a in determining and analyzing a drug trafficking charge or a 924c charge, possession of a firearm, and furtherance of drug trafficking. And also importantly, as I mentioned, even if the plea, the partial plea, had been accepted in this case, Special Agent Pond's testimony still would have been offered by the government and still would have been relevant and admissible evidence. To prove which exact point then? Because I understand it was offered because, you know, the gun was found a certain distance from the tree and all the other things you said, but had there been a plea on that charge, then what would it have been specifically relevant to prove? The trafficking charge? It would have been specifically relevant to prove the trafficking element of the 924c charge that the government still needed to prove, as well as many of the factors that are commonly known as the McKay factors. So, for example, Special Agent Pond still would have had to explain to the jury the value of the drugs that the defendant here had hidden on his person and how, in his experience, drug dealers who operate a cash business and have valuable illegal narcotics on their person and deal with he talked about in this case, why those specific pieces of evidence in his opinion and his experience lead drug dealers to possess firearms to protect themselves. Let me just give you this hypothetical. Let's assume that you had from the get-go, as you say, a drug trafficking charge, and there was no gun charge in the indictment. You're saying that a judge would still allow an expert to come in and talk about how drug dealers routinely carry guns. Wouldn't there be the invocation of this prejudice versus probative kind of thing where you have a drug trafficking charge but no gun charge in the indictment? I think that in your hypothetical, that would be a different situation because what we had here is an outstanding gun firearm charge that had as an element drug trafficking. Right, and I'm positing that hypothetical because Mr. Graham was explaining to us why he thought it was error for the judge not to take a plea and the quantity and quality of evidence would have been taken off the table had the judge done that. I just wanted to get clarification. Okay, and I do think it's again important that the district court, in its order denying a new trial and the renewed Rule 29 motion, after having the benefit of sitting through the trial, again decided that there would be no way the case evidence here would be any different. I do think that's because of the unique factual nature of this case as well as, of course, the intersection and the intertwinement, as the district court put it, of the drug trafficking charge and the 924c. And I see that my time is coming to a close and so unless there are other questions, I respectfully request that this court affirm the judgment of the district court. Thank you very much and we'll hear rebuttal at this time. Thank you, Your Honor. The government says that the district court did not abuse its discretion in rejecting the plea. Our primary position is the district court had no discretion. Under Rules 10 and 11, there is no discretion. This is not a matter of what happens or, by analogy, what might occur if a court rejects a plea agreement. This is not. The council is using this Moore case to say that the court had discretion. What would you say about that case? I would say I absolutely disagree that that case controls because we're talking here about specific rights as they relate to individual charges as opposed to the rejection of an overall plea. I have not found and I have not seen cited a single case that says a defendant is denied the right to plead guilty to one count as opposed to counsels. In the 2255 context, counsel's failure to understand that they could tender pleas to select charges could form the basis for a claim of ineffective assistance for the very reasons that I'm arguing because then no attempt is made to limit the evidence. Do you have a specific case that supports your argument in this regard? Your Honor, if I were to offer to the court my strongest case, I would say the Martin case, which is a Tenth Circuit case, cited at page 20 of my opening brief, 528 Fed 3rd 746, is a case that I think is very persuasive and I think Harmon cited at page 19 of my brief is, if you were to ask me point blank, what's the authority that you're digging in on, those two things would be the most important. Of course, actually the most important authority would be the literal application of Rules 10 and 11. You don't have a Supreme Court case or a Sixth Circuit case on that point? No, no, Your Honor, and I think the reason is because I can't find a case where a defendant's ever been treated this way and where it's gone up. I mean, this is so common to offer pleas to individual accounts. I don't have a case, Your Honor, because I don't think it's ever happened this way. It just doesn't happen in the district courts. So I see that my time's up and again, I thank you. All right. Thank you very much. Thank you both for your arguments and the case is submitted.